IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| PAMELA TABATT et. al., | ) | 14-CR-187-JAR-DDN |
| | ) | |
| Defendants. | ) | |

MOTION FOR LEAVE TO FILE A MOTION TO DISMISS WITH EVIDENCE IN SUPPORT REQUIRING EXPERT TESTIMONY

The Defendants, through the undersigned counsel, hereby moves this Honorable Court for leave to file a Motion to Dismiss with Evidence in Support Requiring Expert Testimony and in support thereof submits as follows:

1. An indictment was returned against the Defendants on June 11, 2014. The allegations against the Defendants are conspiracy to distribute and possession with the intent to distribute controlled substance analogues intended for human consumption in violation of Title 21 U.S.C. 841(a)(1) and 813; conspiracy to cause the introduction of misbranded drugs into interstate commerce in violation of Title 21 U.S.C. 331 (a) and 333(a)(2); knowingly conducting and attempting to conduct a monetary transaction involving a financial institution in violation of Title 18 U.S.C. 1957; conspiracy to import Schedule I controlled substances and Schedule I controlled substance analogues in violation of Title 21 U.S.C. 963; and conspiracy to receive conceal, buy, sell, or in any manner facilitate the transportation of merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law in violation of

Title 18 U.S.C. 545.

2.  The indictment alleges that the defendants manufactured synthetic cathinones and synthetic cannabinoids that would contain controlled substances and/or controlled substance analogues.

3.  Title 21 USC 813 states that "A controlled substance analogue shall by regulation, to the extent intended for human consumption, be treated, for the purposes of any Federal law as a controlled substance in schedule I".

4.  Title 21 USC 802(32)(A) states "Except as provided in subparagraph (C), the term 'controlled substance analogue' means a substance—

(i) *the chemical structure of which is substantially similar to the chemical structure of a controlled substance in schedule I or II;*

(ii) which has a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II; or

(iii) with respect to a particular person, which such person represents or intends to have a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II" (italics and emphasis added).

5.  Defendant's anticipate filing a Motion to Dismiss the indictment on the grounds that Title 21 USC 813 and Title 21 USC 802(32)(A) are unconstitutionally vague in violation of the Due Process Clause of the United States Constitution for failure to give a

person of ordinary intelligence fair notice that his or her contemplated conduct is forbidden by the statutes.

6. The anticipated Motion to Dismiss will address whether or not a person of reasonable intelligence would be able to determine whether or not the alleged analogues in question were of a chemical structure which is substantially similar to the chemical structure of a controlled substance in schedule I or II as set out in the statute.

7. Defendants anticipate that they will need to call a chemist or chemists to offer expert opinion as to whether or not the analogues in question were substantially similar in chemical structure and if so, whether a person of reasonable intelligence would be able to make that determination.

8. Counsel for Defendants are still in the process of determining what experts will be utilized and to what extent said experts can be shared by Defendants and will proved further details to the Court as experts are retained and CJA funds are approved.

WHEREFORE, for these reasons and any other such reasons as shall appear to the Court, the defendants request leave to file a Motion to Dismiss with Evidence in Support Requiring Expert Testimony.

Respectfully Submitted,

GOEKE LAW FIRM

/s/J. Christian Goeke
J. Christian Goeke #39462MO
Attorney for Defendant Berra
7711 Bonhomme Ave., Suite 850
Clayton, Missouri 63105
Telephone: (314) 862-5110
Fax: (314) 862-5943
Email: chris@jcgoekelaw.com

LYNCH LAW FIRM

/s/John M. Lynch by: JCG
John M. Lynch #56604MO
Attorney for Defendant Tabatt
7777 Bonhomme Ave., Suite 1200
Clayton, Missouri 63105
Telephone: (314) 726-9999
Fax: (314) 726-9199
Email: jlynch@lynchlawonline.com


KAGAN LAW FIRM

/s/Lenny Kagan by: JCG
Lenny Kagan
Attorney for Defendant Gross
7911 Forsyth Blvd. Suite 300
Clayton, Missouri 63105
Telephone: (314) 913-9990
Fax: (314) 863-5335
Email:  lgkagan@hotmail.com


## CERTIFICATE OF SERVICE

Signature of the foregoing document is also certification that a true and correct copy has been filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following on this 30th day of March, 2015 to:

James Delworth
Assistant United States Attorney
111 S. 10th Street
St. Louis, Missouri 63102

                                                                                                          */s/ J. Christian Goeke*
                                                                                                          J. Christian Goeke #71795
                                                                                                          Attorney for Defendant