UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:14CR00187 JAR/DDN |
| ) | |
| PAMELA TABATT, *et. al.,* ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' JOINT MOTION TO DISMISS COUNT I OF THE INDICTMENT WITH MEMORANDUM IN SUPPORT

COME NOW Defendants, by and through their respective undersigned counsel, and pursuant to Fed. R. Crim. P. 7, hereby move the Court to enter its Order dismissing Count I of the Indictment. In support of their motion, Defendants state as follows:

**I.    BACKGROUND**

On June 11, 2014, the grand jury returned an Indictment against defendants, that *inter alia*, alleges violations of Title 21, United States Code, §§ 841(a)(1), 813, and 846.  *See* Doc. 2, (Count I). Those allegations include ones that Defendants violated the Controlled Substances Act (21 U.S.C. § 841, (the "CSA")) and conspired to "distribute and possess with intent to distribute Schedule I controlled substance analogues intended for human consumption."  *Id*., Count I, ¶ A.  That particular violation can only be premised upon findings that would have to be made under the Controlled Substance Analogue Enforcement Act of 1986, Pub. L. No. 99-570, 100 Stat.3207-13 (21 U.S.C. § 813) (the "Analogue Act"), among them that the substance possessed was in fact an analogue within the definition of 21 U.S.C. § 802(32)(A).

Since the return of the Indictment in this case, the Supreme Court of the United States granted a writ of certiorari in a case where the underlying prosecution was for a violation of the CSA

premised upon the Analogue Act.  *See, McFadden v. United States*, 735 F.3d 432 (4th Cir. 2014), *cert. granted,* 135 S.Ct. 1039 (U.S. Jan. 15, 2015) (No. 14-378) (argued Apr. 21, 2015).  The Supreme Court's decision in *McFadden* was announced on June 18, 2015 and is reported at 576 U.S.--, 135 S.Ct. 2298.  Among the decisions by the district court and the Fourth Circuit that McFadden petitioned the Supreme Court to review was the failure of the district court to require as a prerequisite to conviction, the Government to prove, and the jury to find, that McFadden "'knew that the substances that he was distributing possessed the characteristics of controlled substance analogues' including their chemical structures and effects on the central nervous system." 125 S.Ct. at 2303. The decision by a unanimous Court reversed the Fourth Circuit's holding as to the *scienter* instruction given by the district court, finding that "the Government must prove that a defendant knew the substance with which he was dealing was 'a controlled substance' even in prosecutions involving an analogue."  *Id.* at 2305.

The Indictment returned by the Grand Jury in this case contains no statement that reflects the Grand jury found probable cause to believe that all elements were met that are required to establish a violation of the Controlled Substances Act.  The true bill signed by the Grand Jury is silent as to whether any defendant knew that the substances referred to in the Indictment were in fact either controlled substances or controlled substance analogues under 21 U.S.C. §§ 813 and 832(A)(32).  Moreover, the Government cannot assert that the Grand Jury did consider those elements because the Indictment returned by the Grand Jury does not show that to be the case.  In effect, the Indictment fails to allege what post-*McFadden* is an essential element of any violation of the Controlled Substances Act that is premised on substances alleged to be analogues under 21 U.S.C. § 802(32)(A). The Indictment is missing an element that Defendants cannot know whether the Grand Jury found to have been met and therefore fails to contain a "definite written statement

of the essential facts constituting the offense charged". *See* Fed.R.Crim.P. 7(c)(1). On this basis, Defendants seek the dismissal of Count I.

## II.   ARGUMENT

### A. The Indictment Does Not State the Essential Facts Required to Establish a Violation of the Controlled Substances Act Involving Analogues.

#### 1. Standard for Evaluating the Sufficiency of the Indictment

"It is generally sufficient that an indictment set forth the offense in the words of the statute itself ..." as long as the elements of the offense are delineated and the general statement is accompanied by the specific facts constituting the offense. *United States v. Helmel*, 769 F.2d 1306, 1322 (8th Cir. 1985) (quoting *United States v. Hamling,* 418 U.S. 87, 117–18, 94 S.Ct. 2887, 2907–08 (1974). But, "an indictment is fatally insufficient when an essential element "of substance" is omitted, rather than one 'of form' only." *United States v. Mallen*, 843 F.2d 1096, 1102 (8th Cir. 1988).

To determine whether an essential element has been omitted, a court may not insist that a particular word or phrase appear in the indictment when the element is alleged "in a form" which substantially states the element. *Mallen* 843 F.2d at 1102 (citing *United States v. Czeck,* 671 F.2d 1195, 1197 (8th Cir.1982); *United States v. Camp,* 541 F.2d 737, 739-40 (8th Cir.1976)). Here, however, the Indictment does not contain language that in any form conveys that the grand jury found any of the defendants to have known that the substances discussed in Count I of the Indictment were controlled substance analogues or controlled substances. While "[t]ypically an indictment is not sufficient only if an essential element of the offense is omitted from it", the Indictment here is insufficient as a matter of law.[1] *United States v. Hance*, 501 F.3d 900, 906 (8th Cir. 2007) (quoting *United States v. Cuervo,* 354 F.3d 969, 985 (8th Cir.2004)).

---

[1] Defendants have separately moved for the Court to direct the Government to provide a Bill of Particulars. *See* Doc. 147. It is a settled rule that a bill of particulars cannot save an invalid indictment. *Russell v. United States*, 369 U.S. 749, 770, 82 S. Ct. 1038, 1050, 8 L. Ed. 2d 240 (1962)  The Eighth Circuit has taken pains to recognize that a  Bill of Particulars can only cure deficiencies to form, not ones of substance that render the

Here the Indictment is missing an element that Defendants cannot know if the Grand Jury found—knowledge that the substances referenced in the indictment were controlled substances or analogues. "To allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure. For a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him." *Russell v. United States*, 369 U.S. 749, 770, 82 S. Ct. 1038, 1050, 8 L. Ed. 2d 240 (1962) (citing Orfield, Criminal Procedure from Arrest to Appeal, 243).

### 2. Knowledge Is an Essential Element of Analogue Offenses.

Even before *McFadden*, it was recognized within this Circuit, "[i]n addition to satisfying the definition of an analogue as set forth in 21 U.S.C. § 802(32)(A), the government must prove, at trial, that: (1) the defendants knew they were distributing (or possessing with the intent to distribute) controlled substance analogues, and (2) that the analogues were intended for human consumption." *United States v. Browning*, 2014 WL 4996400 at *5 (W.D. Mo. Oct. 7, 2014) (citing 21 U.S.C. § 813; *United States v. Sullivan,* 714 F.3d 1104, 1107 (8th Cir. 2013)). It was further established that "[t]he Eighth Circuit has adopted the Seventh Circuit's requirement, first explained in *United States v. Turcotte,* that the defendant must have known that the substance(s) at issue was a controlled substance analogue. *United States v. Bamberg,* 478 F.3d 934, 939–40 (8th Cir.2007) (discussing *United States v. Turcotte,* 405 F.3d 515 (7th Cir.2005)); *Sullivan,* 714 F.3d at 1107 (8th Cir.2013)." *Id.*

---

Indictment invalid. *United States v. Dolan*, 120 F.3d 856, 866 (8th Cir. 1997) (The Bill of Particulars did not add a necessary fact or element; rather, it elaborated upon an overt act already included in the indictment".) That is why even granting Defendants' Motion for Bill of Particulars cannot overcome the failure of Count I to set out a sufficiently definite statement of the facts constituting the offense (and all of its elements) and cannot thereby save that Count from dismissal. Bills of Particulars can address a scenario where an Indictment fails to alert a defendant of the "precise nature of the government's allegations," but not where an essential element was not found by the grand jury. *See United States v. Mann*, 701 F.3d 274, 288 (8th Cir. 2012).

*McFadden* amplifies that requirement in prosecutions under the CSA that involve analogues. "'[Title 21, United States Code] § 841(a)(1), […] expressly requires the Government to prove that a defendant knew he was dealing with 'a controlled substance.'" *McFadden*, 135 S.Ct. at 2305. "Applying this statutory command, it follows that the Government must prove that a defendant knew that the substance with which he was dealing was 'a controlled substance,' even in prosecutions involving an analogue." *Id.* The Supreme Court continued, and held:

> that knowledge requirement can be established in two ways. First, it can be established by evidence that a defendant knew that the substance with which he was dealing is some controlled substance—that is, one actually listed on the federal drug schedules or treated as such by operation of the Analogue Act—regardless of whether he knew the particular identity of the substance. Second, it can be established by evidence that the defendant knew the specific analogue he was dealing with, even if he did not know its legal status as an analogue.

*McFadden*, 135 S.Ct. at 2305.

### 3. The Indictment Lacks an Essential Element and Should be Dismissed.

Here the Indictment gives no indication that such knowledge on the part of Defendants was found by the Grand Jury in either of the ways that *McFadden* requires. Instead, the Indictment limits its allegation to one that the "Schedule I controlled substance analogues [were] intended for human consumption" which while fulfilling the element of 21 U.S.C. 813 that permits a controlled substance analogue be treated as a controlled substance in schedule I, does nothing to meet the knowledge requirement of 21 U.S.C. § 841(a)(1) or of *McFadden*.

The majority in McFadden held "that § 841(a)(1) requires the Government to establish that the defendant knew he was dealing with 'a controlled substance.' When the substance is an analogue, that knowledge requirement is met if the defendant knew that the substance was controlled under the CSA or the Analogue Act, even if he did not know its identity. The knowledge requirement is

also met if the defendant knew the specific features of the substance that make it a 'controlled substance analogue.' § 802(32)(A).'' *McFadden*, 135 S.Ct. at 2302.

Chief Justice Roberts' concurring opinion in *McFadden* specifically and correctly counsels against any reading of the majority opinion to reach the conclusion that knowledge of the identity of a substance can satisfy the mental state requirement of 21 U.S.C. 841(a)(1), particularly in the case of lesser known drugs. *McFadden*, 135 S.Ct. at 2307-08. Indeed, under *McFadden*, the government's burden to prove knowing possession is greater for lesser known drugs whose identity, in contrast to heroin or cocaine, does not of itself necessarily prove that the defendant knew the substance was controlled. *See McFadden*, 135 S.Ct. at 2307-08 (Roberts, C.J. concurring).

But here, the Indictment does not even contain allegations by the Grand Jury that substances averred to have been distributed by defendants were known to any Defendant to: (1) be either controlled substances or controlled substance analogues; (2) meet specific features of the substance that make it a controlled substance analogue; and not even (3) substances whose *identity* was known to defendants at the time the conspiracy distributed them. The Indictment contains no finding by the Grand Jury that any Defendant possessed knowledge that they met either the definition of a controlled substance or an analogue at any point in time.

Even in its description of the criminal objects of the conspiracy, the Indictment fails to include any definite written statement of facts that would establish Defendants' knowledge that the substances in the Indictment were either analogues or controlled substances. The indictment alleges that the defendants "knowingly" conspired, but fails to describe, as *McFadden* now requires, that the defendants knew that the specific substances alleged in Section B, paragraph 7 of the Indictment or any other analogues were in fact analogues or controlled substances. Based upon *McFadden*'s holding that such knowledge is a prerequisite to establishing a violation of the CSA involving an analogue, this infirmity is fatal to any claim the Government may make that the Grand Jury found

- 6 -

probable cause to believe such a violation had been committed by Defendants.  It is axiomatic in this Circuit that "[w]hen a criminal statute introduces the elements of a crime with the word 'knowingly,' we apply that word to each element of the crime unless special context or background calls for a different reading. *United States v. Tang (Janny) Nguyen*, 758 F.3d 1024, 1027-28 (8th Cir. 2014)(citing *United States v. Bruguier,* 735 F.3d 754, 758 (8th Cir.2013) (en banc)).  No less is required in regard of ensuring that the Grand Jury's Indictment reflects that it found the requisite scienter as to each element of the offense to be charged by Indictment.  Dismissal of this Indictment is therefore warranted.

### 4.     None of the Facts Averred in the Indictment Establishes the Required Knowledge on the Part of Defendants.

The Indictment accuses the defendants in conclusory form of conspiring to distribute and possess with intent to distribute Schedule I controlled substances and "Schedule I controlled substance analogues."  But, there exists no schedule of controlled substance analogues.  The allegation that any individual possessed "Schedule I controlled substance analogues" cannot therefore constitute an offense within the rubric of Rule 7(c)(1).  What is more, the only non-conclusory *facts* directly alleged are that the substances the defendants are alleged to have conspired to distribute and to possess with intent to distribute were "synthetic drug chemicals", "imported chemicals", "synthetic drugs", "synthetic chemicals" or "synthetic products". The Indictment's interchangeable use of these undefined terms, all without any accompanying definite written statement of essential facts found by the Grand Jury—including any statement that Defendants knew such substances to be analogues or controlled substances --is part of what requires dismissal of Count I of the Indictment.

The absence in the Indictment of the requisite definite statements of knowledge on the part of Defendants only serves to compound the vagueness of the underlying provisions of the Analogue Act upon which the Government relies in this prosecution.  *See*, e.g. Defendants' Joint motion to

Dismiss Indictment as Unconstitutionally Void for Vagueness (Doc. 148). If specific averments can sometimes operate to protect against the vagaries of the Analogue Act, the absence of any definite written statement of the essential facts constituting the offense charged—and in particular, statements of the required intent—render acute the effect of those vagaries and under Fed.R.Crim.P. 7(c)(1), dooms to dismissal any Count that lacks them. The uncertainty that renders the Analogue Act vague and therefore void cannot be cured, however, even if the Indictment supplied the definite written statements required under Rule 7(c)(1). But because the Indictment lacks those definite written statements of essential facts, Count I is infirm for reasons independent of the vagueness of the Analogue Act, and those reasons all require its dismissal.

**B.      The Indictment Does Not State the Essential Facts Constituting a Violation of the Controlled Substances Act Involving Even Controlled Substances.**

The decision in McFadden was hardly the first pronouncement that in order to be prosecuted under Title 21 U.S.C. § 841(a)(1), a defendant must know a substance is a controlled one. *See*, e.g. Eighth Circuit Model Criminal Jury Instructions, No. 6.21.841B ("…at the time of the transfer, defendant knew that it was [a controlled substance] [(describe substance, e.g. heroin)]). The Indictment nevertheless fails to allege any facts essential to establish that defendants knew that any of the substances alleged in Section B, paragraph 7 were controlled substances or were listed on Schedule I of the Controlled Substances Act. Even for any of the substances referenced in Section B, paragraph 7 that became Schedule I substances during the period of the conspiracy, the Government must either specify that the substance was a controlled substance at the time it was distributed or that it was a controlled substance analogue.

Because the Indictment lacks any temporal specificity as to when any given substance it references was distributed during the period of the conspiracy (which is alleged to have begun "sometime in 2011" and to have continued to "on or about the date of [the] Indictment"), it appears the Grand Jury made no finding whatsoever relative to whether any such substance was a controlled

substance or an analogue at the time it may have been distributed by the conspiracy.  Nor does the Indictment specify the specific periods of time during which any given substance was distributed by the conspiracy such that one could possibly discern whether such substance was among those on the schedule of controlled substances during that time.

The same lack of the required definite written statements of Defendants' knowledge that any such substance was an analogue is a deficiency that extends to the allegations relating to any controlled substances the Indictment pretends to address, since the Indictment avers no knowledge on the part of Defendants that any such substance was a controlled substance.

The only scienter-oriented allegation relates to the formation of the conspiracy itself—i.e. that the defendants knowingly *conspired* "to distribute and to possess with intent to distribute Schedule I controlled substances and Schedule I controlled substance analogues intended for human consumption."  Indictment, Count I, ¶ A.  Absent from the Indictment is any allegation at all, let alone a "definite written statement", that the defendants knew that the substances referenced in the Indictment were in fact controlled substances or analogues, elemental requirements that are only reinforced by the Supreme Court's decision in *McFadden*.  *See* Fed. R.Crim.P. 7(c)(1).

Accordingly, the indictment is defective under Fed. R.Crim.P. 7 for failing to allege essential facts establishing that the defendants knew these or any substances that were schedule I controlled substance at some point during the alleged conspiracy were, in fact, controlled substances.

### III.   CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants jointly request that the Court grant their motion and enter its Order dismissing Count I of the Indictment, and grant all such other and further relief this Court finds just and warranted under the circumstances.

Respectfully submitted,

| | |
|---|---|
| THE LAW OFFICES OF | LENNY KAGAN |
| JOHN M. LYNCH, LLC | LAW OFFICE |
| | |
| e/s John M. Lynch | e/s Lenny Kagan |
| JOHN M. LYNCH #56604MO | LENNY KAGAN 52284MO |
| 7777 Bonhomme Ave., Suite 1200 | 7911 Forsyth Blvd, Suite 300 |
| Clayton, MO 63105 | Clayton, MO 63105 |
| (314) 726-9999 | (314) 913-9990 |
| (314) 726-9199 Facsimile | (314) 863-5335 Facsimile |
| **Attorney for Defendant Tabatt** | **Attorney for Defendant Gross** |

### Certificate of Service

     I hereby certify that on October 8, 2015, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

James Delworth
Jennifer Winfield
Assistant United States Attorneys
Thomas F. Eagleton Courthouse, 20th Floor
111 South Tenth Street
St. Louis, Missouri 63101

                                                                       e/s John M. Lynch