UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN MISSOURI

| | | |
|---|---|---|
| UNITED STATES OF MISSOURI, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.:      4:14CR187-JAR-2 |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD W. GROSS, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
<u>ADVICE OF COUNSEL DEFENSE</u>**

COMES NOW, Defendant, Richard W. Gross, and pursuant to this Court's Order  submits

the following Memorandum of Law in support of his request that he be permitted to advance the

crucial defense of advice of counsel and more specifically, to address the relationship of that

defense to the intent element of the conspiracy charge for which the defense will be offered.

In order for the object of the conspiracy charged in County I of the Indictment to be a

violation of 21 U.S.C. § 846, it  requires proof of an agreement to commit the underlying violation

of 21 U.S.C. § 841(a)(1), which is not disputed to be a specific intent offense.

Where as here the advice of counsel defense relates to the underlying offense that is the

object of the conspiracy, and the underlying offense is a specific intent crime, permitting the

advice of counsel defense is as appropriate as it would be if the same defense were offered as one

to a substantive allegation of the underlying offense itself.

Any suggestion that the advice of counsel defense does not lie as to a conspiracy charge

premised on an underlying offense that requires proof of specific intent would place form over

substance, ignoring completely that to be criminal and fall within the ambit of 21 U.S.C. §846, a

conspiracy requires an agreement to commit  an underlying criminal act.  If specific intent to

commit the underlying act cannot be established or is defeated by the Defendant's reliance upon the advice of counsel, that defeats the first element of conspiracy – an agreement to commit a criminal act.

To hold otherwise is to risk the very harm that the Eighth Circuit is careful to guard against: permitting a conspiracy charge to lie as to unintentional, rather than criminal acts.   In *United States v. Sdoulam*, the Eighth Circuit noted its agreement with the defendant in that case when it stated: "[w]e agree with Sdoulam that one cannot conspire to commit a negligent or unintentional act." 398 F.3d 981, 987 (8th Cir. 2005). The Eighth Circuit continued: "So, the argument would be that so long as the act that underlies the conspiracy is criminal and is itself a specific intent crime, the conspiracy must be one to commit a criminal act." *Id*. The conspiracy charge in Count I alleges a violation of 21 U.S.C. § 846.   That charge can only criminalize an agreement to commit an underlying criminal act, which in this case is the specific intent crime of a violation of 21 U.S.C. § 841(a)(1).

The 8th Circuit pattern instruction for the offense charged in Count I of the Indictment is as follows:

> The crime of conspiracy as charged in the Indictment, has three  elements, which are:
> One, on or before mid- ____, two [or more] persons reached an agreement or came  to an understanding ***to commit the offenses charged in this Indictment***;
>
> Two, the Defendant voluntarily and intentionally joined in the agreement or  understanding, either at the time it was first reached or at some later time while it was  still in effect; and
>
> Three, at the time the Defendant joined in the agreement or understanding, [he]  knew the purpose of the agreement or understanding.
>
> For you to find Defendant guilty of this crime, ***the Government must prove all of these elements*** beyond a reasonable doubt as to the Defendant; otherwise, you must find  the Defendant not guilty.

Eighth Circuit Pattern Instruction 6.21.846A CONSPIRACY (21 U.S.C. §846).

In order to meet the first element, the Government must establish an agreement to commit an underlying criminal act, which in this case the Indictment alleges to be an agreement to violate 21 U.S.C. § 841(a)(1).  To suggest that the advice of counsel defense is not available to meet the element of an alleged violation of 21 U.S.C. § 846 is to ignore the fact that there cannot be a violation of 21 U.S.C. § 846 without the specific intent required to commit a violation of 21 U.S.C. § 841(a)(1).

If because of the advice of counsel there is no specific intent on the part of the Defendant to commit the underlying section 841(a)(1) violation, any agreement to engage in that conduct cannot amount to a criminal conspiracy under 21 U.S.C. § 846.  In this sense, the advice of counsel defense stands to defeat the conspiracy charge from the inside out for failure of proof, or better said, proof through the advice of counsel defense that establishes to a negative, the first element of conspiracy—an agreement to commit a criminal act cannot be met.  If as the proof here will substantiate the Defendant was told by counsel that the act to be committed was not unlawful, he cannot have conspired to commit a criminal act.

The advice of counsel defense meets the intent element  of the underlying offense.  But this is not to say that it does not also meet other elements of conspiracy in the same or similar ways.  A conspiracy under 21 U.S.C. § 846 has been held to be a specific intent offense as well. "Conspiracy to distribute is a specific intent crime, the Government must show that  the Defendant conspired to distribute, with the *intent to distribute* a controlled substance,  in order to prove guilt.  *United States v. Liefer*, 778 F.2d 1236, 1243 (7th Cir. 1985); *United States v. Maganellis*, 864 F.2d 528, 534 (7th Cir. 1988).  In cases involving specific intent crimes, intent is automatically an issue, regardless of whether the  Defendant has made intent an issue in the case. *Liefer*, 778 F.2d at 1243; *United States v. Brantley*, 786 F.2d 1322, 1329 (7th Cir.), *cert. denied,* 477 U.S. 908, 106 S.Ct. 3284, 91 L.Ed.2d 572 (1986); *United States v. Gruttadauro*, 818 F.2d 1323, 1328 (7th Cir. 1987)."  *United States v. Monzon*, 869 F.2d 338, 344 (7th Cir. 1989) *cert. denied,* 490 U.S. 1075, 109 S.Ct 2087, 104 L.Ed 2d 650 (1989) (accord *United States v. Maholias*, 985 F.2d 869, 879 (7th Cir. 1993)).

For all of the foregoing reasons, the Defendant should be permitted to offer evidence and argument to the jury in support of his defense of advice of counsel.

Respectfully submitted,


*/s/ Lenny G. Kagan*

Lenny G. Kagan, #52284
Attorney for Defendant
7911 Forsyth Blvd., Suite 300
Clayton, MO  63105
(314) 913-9990 Office
(314) 863-5335 Fax
Email: lgkagan@hotmail.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 1st day of April, 2016, a true and correct copy of the foregoing document was filed using the CM-ECF system of the court and that system will serve notice of this filing on all counsel of record.


  /s/Lenny Kagan